[No. 6345.]

## McElravy v. Brooks.

Water Rights—Appropriation—Plaintiff had commenced and partially constructed a ditch appropriating certain seepage water, and applied it to the irrigation of his land. Later he entered into an agreement to convey to defendant the land and one-half the water right, and to make a certain extension of the ditch. It was stipulated that if defendant should be dissatisfied with the water right, plaintiff would transfer to him, in lieu thereof, a share in a certain ditch. Defendant entered into possession under this contract, and of his own motion enlarged and extended the ditch, securing an increased volume of water. At a later date plaintiff conveyed the land and the water right to defendant. Defendant afterwards expressing dissatisfaction with the water right, it was agreed that a specified deduction should be made from the purchase money, and defendant reconveyed the dater right. Held that the work voluntarily performed by defendant, in enlarging the ditch, while in possession under the contract, should not be regarded an appropriation.—(210, 211)

*Appeal from Larimer District Court* — Hon. James E. Garrigues, Judge.

Mr. L. R. Rhodes, and Mr. L. R. Temple, for appellant.

Messrs. Annis & Stow, for appellee.

Mr. Justice Gabbert delivered the opinion of the court:

The subject-matter of controversy between the parties to this appeal is a one-half interest in what is known as The Duck Slough Seepage Ditch and Appropriation. Suit was instituted by appellee, as plaintiff, against appellant, as defendant, to determine this question. The judgment of the trial court was in favor of plaintiff, from which the defendant has appealed. It is not necessary to state the pleadings. The findings of fact by the trial judge are

clearly .within the issues, unquestionably supported by the testimony; in fact, we might say there is no testimony tending to contradict them, and, in our opinion, the judgment, that plaintiff was the owner of the property in controversy, is correct.

The argument of counsel for defendant is along the line that the defendant acquired the property in controversy by construction of the ditch and appropriation of water from the source of supply. Their theory is, that plaintiff failed to show a legal appropriation of the water in controversy; that the defendant established an appropriation, and hence, the judgment should have been in his favor. These questions are only incidentally involved. In 1894 plaintiff commenced the construction of the Duck Slough ditch, the purpose of which was to conduct water to his land, that accumulated in Duck Slough as the result of seepage. In 1895 he irrigated some of his land by water conducted through this ditch. Later he extended and enlarged it, and in 1897 and 1898 conducted water to his land, which he applied to growing crops. Without entering into more minute or extended details, it is sufficient to say that it is undisputed that plaintiff was the original owner of the ditch, and whatever appropriation of water had been acquired thereby prior to December 7, 1901. This date becomes important for the reason that at this time plaintiff entered into a contract with the defendant to sell him the land to which the water from the slough had been conducted, together with a one-half interest in the Duck Slough ditch and the water connected therewith. This contract contained a clause to the effect that should the defendant not be satisfied with the ditch or water supply furnished thereby, plaintiff should transfer to him a share in the Water Supply and Storage Company ditch, in lieu of the one-half interest in the Duck Slough ditch

and water, and in case he failed to furnish that share in the Water Supply and Storage Company ditch, then the market value of such share should be deducted from the purchase price of the land and water which, by his contract, he had agreed to convey to the defendant. Under this contract the defendant entered into the possession of the land and the interest agreed to be conveyed in the property in controversy.

By the contract plaintiff was to complete the construction of the ditch so that it would deliver water to the feeding corral on the land agreed to be conveyed. He did some work thereon in 1902 and 1903, and a considerable volume of water was carried through the ditch. In the spring and fall of 1904, the defendant, of his own volition, enlarged and extended the ditch and constructed drains, whereby the seepage water, its source of supply, was conserved and conducted to the ditch, and a larger volume of water secured than had theretofore been obtained by the plaintiff.

By October 1, 1904, the defendant had paid all of the purchase price for the land and water rights specified in his contract with plaintiff, except $4,000.00; and on that date plaintiff executed a deed, conveying the land and water rights covered by his contract, which included the interest agreed to be conveyed in the Duck Slough ditch and water, to the defendant, which was placed in escrow. At the same time defendant executed notes for the $4,000.00, and a deed of trust securing the same on the property conveyed by the deed to him. This arrangement fell through, and defendant secured the possession of the notes and deed of trust, but through a misunderstanding, the escrow holder placed the deed on record. About December 1st following, the defendant informed plaintiff that he was dissatisfied with the

(14)

Duck Slough ditch and water right, and demanded
from him the share in the ditch of the Water Supply
and Storage Company, as provided in the contract
between them.   As a compromise and adjustment of
their differences, they agreed that $2,250.00 should
be deducted from the purchase price in lieu of the
Duck Slough ditch and water right.   They settled
accordingly, and the conveyance placed on record by
mistake of the escrow holder was allowed to stand.
Some time afterward plaintiff learned that defend-
ant was laying claim to the Duck Slough ditch and
water right, and demanded a reconveyance, which
was refused.   He then commenced a suit to compel
the defendant to reconvey to him the apparent in-
terest in the ditch and water right conveyed by his
deed.   This action was tried, with the result that
defendant was ordered to reconvey to plaintiff the
interest in the Duck Slough ditch and water right
mentioned in the deed from plaintiff to defendant.
Notwithstanding this judgment, with which the de-
fendant complied by executing the deed directed, he
still laid claim to the subject-matter of controversy,
and the action we are now considering was insti-
tuted.

As we understand the argument of counsel for
defendant, they base their contention that the judg-
ment of the trial court should be reversed, upon the
ground that the defendant, by his work in 1904, and
the water obtained thereby, constructed a ditch and
secured an independent appropriation, of which he
is the owner, and in which the plaintiff has no in-
terest whatever.   In support of this claim it is as-
serted that it does not appear from the evidence that
plaintiff ever secured any water through the ditch
he constructed from Duck Slough of any practical
amount.   The evidence does not support this asser-
tion, but the question of what volume of water the

plaintiff may have utilized through his ditch is of no material moment. He was the owner of the Duck Slough ditch and water right, whatever it was, in 1901. He developed it to some extent in 1902 and 1903, as he had agreed in his contract with the. defendant. The defendant had agreed to purchase an interest in this ditch and water right, with the reservation that if it did not prove satisfactory as a supply of water, there should be transferred to him a share in the Water Supply and Storage Company's ditch. He was dissatisfied with the interest in the ditch and water right he had agreed to purchase, and by way of settlement, the sum of $2,250.00 was deducted from the purchase price of the property described in the contract. On the face of the deed he obtained from plaintiff the interest in the ditch and water right which he did not purchase, and never paid for, but which was apparently conveyed. Pursuant to a judgment, he reconveyed this interest to the plaintiff. In 1904, prior to the settlement, he had improved the ditch and perhaps obtained an additional supply of water, but this was nothing more than an improvement and development of property which he had agreed to purchase, which he was afterwards dissatisfied with, and because of his dissatisfaction, was allowed the sum of $2,250.00 deducted from the purchase price provided in his contract with the plaintiff. Clearly, in these circumstances, he should not be permitted to lay claim to property which he never purchased, and which, by the terms of his settlement with plaintiff, reverted to the latter. The defendant, while in possession of the water rights under his contract, could not, by any act upon his part, acquire any claim to the ditch and water right which, by the very terms of the agreement by virtue of which he was in possession, might be the subject of reversion to the plaintiff. What-

ever he may have done in the way of improving the ditch and securing water was for the benefit of property which he had agreed to purchase from the plaintiff; and when he failed to purchase it, and was allowed by way of deduction from the purchase price the sum of $2,250.00, with which to purchase that which should take its place, it reverted to the plaintiff with such improvements and acquisitions as he may have made or secured.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.